UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

ANITA SANDERS,                                        Case No. 26-cv-

     Plaintiff,                                        Hᴏɴ.

v.

THE KROGER CO. OF MICHIGAN,

     Defendant.

_____/

ERIC STEMPIEN (P58703)
MALLORIE M. BLAYLOCK-DANNA (P84331)
STEMPIEN LAW, PLLC
Attorneys for Plaintiff
38701 Seven Mile Rd., Suite 445
Livonia, MI 48152
(734)744-7002
eric@stempien.com
mallorie@stempien.com
_____

**<u>COMPLAINT AND JURY DEMAND</u>**

     Plaintiff, Anita Sanders, by and through her attorneys, Stempien Law, PLLC, hereby complains against Defendant, The Kroger Co. of Michigan, and in support thereof states:

1. Plaintiff Anita Sanders ("Sanders" or "Plaintiff") is a resident of the City of Romulus, County of Wayne, State of Michigan.

2. Defendant The Kroger Co. of Michigan ("Kroger" or "Defendant") is a Michigan domestic for-profit corporation that conducts a systematic and

1

continuous business, and with its principal place of business located in, the Township of Brownstown, County of Wayne, State of Michigan; its resident agent for service of process being: CSC-Lawyers Incorporating Service (Company), 3410 Belle Chase Way, Suite 600, Lansing, Michigan 48911.

3.   Jurisdiction is vested with this Court pursuant to 28 U.S.C. §1331, 42 U.S.C. §12101, et. seq., and 28 U.S.C. §1367 et. seq.

4.   Venue is proper because the parties reside and/or conduct a systematic and continuous business in this District.

5.   On or about January 12, 2026, the Equal Employment Opportunity Commission issued a Dismissal and Notice of Rights to Sanders.

## <u>GENERAL ALLEGATIONS</u>

6.   Sanders was employed with Kroger for approximately fifteen (15) years, until the time of her discharge on May 19, 2023.

7.   Sanders held the position of Bakery Clerk for approximately four (4) years at Kroger's store located at 20645 Gibraltar Road, Brownstown Township, Michigan 48183 until the time of her discharge on May 19, 2023.

8.   On or about March 16, 2022, Sanders fell while she was at work and severely injured her right knee.

9.   Diagnostic testing performed on April 7, 2022 revealed that Sanders workplace fall resulted in a (1) nondisplaced microtrabecular fracture of the

2

lateral tibial plateau with associated bone marrow edema extending into the metadiaphysis of the right tibia; (2) complete tear of the anterior cruciate ligament; and (3) sprain of the medial collateral ligament.

10. Sanders' knee injury resulted in a disability.

11. Due to Sanders' injury and disability, she was disabled from working by her treating physician through October 18, 2022.

12. After undergoing a right knee surgery on July 14, 2022, Sanders was cleared to return to work on October 19, 2022 with the restriction that perform her work from a sitting position.

13. In or about October 2022, Sanders sought reasonable accommodations under the Americans with Disabilities Act, and 42 U.S.C. §12101, et. seq. (as amended) ("ADA") and Michigan's Persons with Disabilities Civil Rights Act, M.C.L. §37.1101, et. seq. ("PDCRA"); the requested accommodation was to work from a sitting position.

14. Kroger refused to reasonably accommodate Sanders and, as a result, she was not permitted to return to work on October 19, 2022.

15. Prior to her injury and disability, Kroger's Dearborn location would occasionally have Sanders work as a Cashier, instead of as a Bakery Clerk.

16. Prior to her injury and disability, Kroger would occasionally have Sanders collect groceries for online orders, instead of working as a Bakery Clerk.

3

17. As of October 19, 2022, other jobs and duties at Kroger were available, which Sanders could have performed with her restriction to work from a sitting position.

18. As of October 19, 2022, Sanders was capable of performing all essential job functions of a Cashier despite her restrictions and disability.

19. As of October 19, 2022, Sanders was capable of performing all essential job functions of a Front End Cashier despite her restrictions and disability.

20. Between approximately March 17, 2022 and December 28, 2022, Sanders received short term disability income, which resulted in wage loss. Sanders would not have incurred wage loss had she been permitted to return to work on October 19, 2022.

21. On or about January 11, 2023, Sanders was cleared by her physician to return to work with the following restrictions: (1) sitting down 50% of the time; and (2) no kneeling, squatting, stairs, or climbing ladders.

22. On or about January 11, 2023, Sanders provided her physician's updated restrictions to Kroger via its Store Manager, Marcus.

23. Accordingly, Sanders was ready, willing, and able to return to work as of January 11, 2023 – well within the one-year period permitted by the Collective Bargaining Agreement ("CBA") she was subjected to, with approximately two months to spare.

24.    In or about January 2023, Sanders sought reasonable accommodations under the ADA and PDCRA; the requested accommodations were to work from a sitting position 50% of the time and no kneeling, squatting, stairs, or climbing ladders.

25.    Kroger refused to reasonably accommodate Sanders again and, as a result, she was not permitted to return to work on January 11, 2023.

26.    As a proximate result of Kroger's refusal to permit Sanders to return to work with reasonable accommodations, Sanders' leave exceeded the one-year period prescribed by the CBA.

27.    As of January 11, 2023, other jobs and duties at Kroger were available, which Sanders could have performed with her restrictions.

28.    As of January 11, 2023, Sanders was capable of performing all essential job functions of the Floral/Clerk position despite her restrictions and disability.

29.    In or about mid-February 2023, Sanders returned to Kroger to inquire about her returning to work and was told by the Assistant Store Manager, Justin, that "we can't accommodate you."

30.    Upon information and belief, other Kroger employees with injuries and/or disabilities were reasonably accommodated and permitted to work with restrictions from their physicians.

31.   Sanders was advised by her supervisor and Bakery Manager, Yalonda Parker, that Sanders could put a chair in the bakery and work, but Kroger refused. Sanders has also seen this practice implemented at Kroger before for other disabled and/or injured employees.

32.   Kim, a 50–60-year-old white female Kroger employee who worked in the Deli department, required accommodations and she was permitted to use a chair as needed while she worked.

33.   John, a 50–60-year-old male employee who suffered from ambulation difficulties, was accommodated by Kroger and he was permitted to use a motorized shopping cart and cane to ambulate at work.

34.   Brenda Slocum, a female employee of about 55-65 years of age who worked in the same bakery as Sanders, was accommodated by Kroger and permitted to work with restrictions from her physician.

35.   Brenda, the Deli Manager and a female employee between 40-50 years old, was reasonably accommodated by Kroger and was permitted to continue working in the office after injuring her arm at work, even though she was a Deli Manager.

36.   In or about early May 2023, Sanders learned that she required a second surgery to remove scar tissue.

37. In or about early May 2023, Sanders informed Kroger that she required a second surgery and that her surgery was scheduled for July 18, 2023.

38. On or about May 19, 2023, Kroger terminated Sanders' employment.

39. Sanders was terminated from her employment because of her disability.

40. Kroger never accommodated Sanders' disability and she was never permitted to work with any restrictions.

## COUNT I – VIOLATION OF AMERICANS WITH DISABILITIES ACT (FAILURE TO ACCOMMODATE)

41. Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein and further states that:

42. Plaintiff was a qualified individual with a disability, as that term is defined by the ADA.

43. Plaintiff has a disability as that term is defined by the ADA.

44. Defendant was aware of Plaintiff's disability.

45. Plaintiff made requests for reasonable accommodation, as fully explained herein above.

46. Plaintiff engaged in the interactive process with Defendant regarding the structure, timing and other factors related to her requests for reasonable accommodation.

47. Such reasonable accommodations would not be an undue burden on Defendant.

48.   Defendant has failed and refused to grant any reasonable accommodations to Plaintiff.

49.   As a direct and proximate result of Defendant's violation of the ADA, Plaintiff has suffered damages, including but not limited: loss of job position, lost past and future wages, lost past and future employment benefits, loss of earning capacity, emotional distress, and attorney fees.

## COUNT II – VIOLATION OF AMERICANS WITH DISABILITIES ACT (DISABILITY DISCRIMINATION)

50.   Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein and further states that:

51.   Plaintiff is a disabled person within the meaning of the ADA.

52.   Defendant regards Plaintiff has having a disability.

53.   Plaintiff is qualified for the position of Bakery Clerk with or without reasonable accommodation.

54.   Plaintiff has suffered an adverse employment action, including but not limited to discharge from employment.

55.   The adverse employment actions taken by Defendant were made because of Plaintiff's disability.

56.   Further, Plaintiff was subjected to the adverse employment action because of an actual or perceived physical or mental impairment.

57.    As a direct and proximate result of Defendant's disability discrimination, Plaintiff has suffered damages including but not limited: loss of job position, lost past and future wages, lost past and future employment benefits, loss of earning capacity, emotional distress, and attorney fees.

## COUNT III – VIOLATION OF THE PERSONS WITH DISABILITIES CIVIL RIGHTS ACT (FAILURE TO ACCOMMODATE)

58.    Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein and further states that:

59.    Plaintiff was a qualified individual with a disability, as that term is defined by the PDCRA.

60.    Plaintiff has a disability as that term is defined by the PDCRA.

61.    Defendant was aware of Plaintiff's disability.

62.    Plaintiff made requests for reasonable accommodation, as explained herein above.

63.    Plaintiff was denied any reasonable accommodation to accommodate her disability.

64.    Plaintiff engaged in an interactive process with Defendant regarding the structure and other factors related to her requests for reasonable accommodation, including being open to other opportunities and/or positions that could accommodate her disability.

9

65.   Such reasonable accommodations were not an undue burden on Defendant.

66.   Defendant failed and refused to grant any reasonable accommodations to Plaintiff.

67.   The actions of Defendant and its agents, representatives, and employees were intentional in their disregard for the rights and sensibilities of Plaintiff.

68.   As a direct and proximate result of Defendant's violation of the PDCRA, Plaintiff has sustained injuries and damages, including but not limited to: loss of job position, loss of career opportunities, lost past and future wages, lost past and future employment benefits, loss of earning capacity, attorney fees, mental and emotional distress, humiliation and embarrassment, and loss of the ordinary pleasures of everyday life, including the right to seek and pursue a gainful occupation of choice.

## COUNT IV – VIOLATION OF THE PERSONS WITH DISABILITIES CIVIL RIGHTS ACT (DISABILITY DISCRIMINATION)

69.   Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein and further states that:

70.   Plaintiff is a disabled person within the meaning of Michigan's PDCRA.

71.   Defendant regards Plaintiff as having a disability.

72.   Plaintiff is qualified for the position of Bakery Clerk, with or without reasonable accommodation.

73. Plaintiff has suffered an adverse employment action, including but not limited to discharge from employment.

74. The adverse employment actions taken by Defendant were made because of Plaintiff's disability.

75. Further, Plaintiff was subjected to the adverse employment action because of an actual or perceived physical or mental impairment.

76. As a direct and proximate result of Defendant's disability discrimination, Plaintiff has suffered damages.

WHEREFORE Plaintiff, Anita Sanders, prays that this Honorable Court enter judgment in her favor against Defendant, The Kroger Co. of Michigan, as follows:

a. Judgment in an amount that this Court deems fair and just;

b. An order reinstating Plaintiff to an appropriate position with Defendant;

c. An order awarding Plaintiff compensatory damages in an amount to be determined at trial;

d. An order awarding Plaintiff punitive damages in an amount to be determined at trial;

e. An award to Plaintiff for attorney fees, costs of litigation, and interest; and

f. An order granting Plaintiff further relief that it deems just and equitable.

11

## <u>JURY DEMAND</u>

Plaintiff, Anita Sanders, by and through her attorneys, Stempien Law, PLLC,

hereby demands a trial by jury of the within cause.

Respectfully submitted,

STEMPIEN LAW, PLLC

*/s/ Mallorie M. Blaylock-Danna*
MALLORIE M. BLAYLOCK-DANNA (P84331)
Attorney for Plaintiff
38701 Seven Mile Rd., Suite 445
Livonia, MI 48152
(734)744-7002
mallorie@stempien.com

Dated: March 2, 2026